**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

In re:                                    )
                                          )
**VICTOR R. LOGAN**                       )          **Case No. 10-36585-KRH**
**WENDY R. LOGAN**                        )          **Chapter 11**
                                          )
            Debtors.                      )

## FIRST AMENDED PLAN OF REORGANIZATION
## OF VICTOR R. LOGAN  AND WENDY R. LOGAN

Victor R. Logan and Wendy R. Logan ("Logans" or the "Debtors") hereby propose the

following First Amended Plan of Reorganization ("Plan") pursuant to Chapter 11 of the

Bankruptcy Code.

### ARTICLE I

**Definitions**

The following terms shall have the meaning set forth below to the extent not otherwise

provided herein, for the purpose of this Plan whether in singular, plural or other grammatical

form:

**1.1.**    Administrative Claim shall include all administrative expenses allowed under

Section 503(b) of the Code.

**1.2.**    Allowed Claim means a Claim: (a) if no objection to the allowance of the Claim

is interposed within any applicable period of limitation fixed by Rule or an order of the court: (i)

in the amount for which a proof of Claim has been filed with the Court within the applicable

Robert B. Easterling (VSB No. 15552)
2217 Princess Anne Street, Suite 100-2
Fredericksburg, Virginia 22401
(540) 373-5030
(540) 373-5234 Facsimile
eastlaw@easterlinglaw.com
*Counsel for Debtors*

period of limitation fixed by Rule 3003 or an order of the Court; or (ii) in the amount scheduled

in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), as such may be

amended pursuant to Rule 1009 prior to the Confirmation Date, and not listed as disputed,

contingent or unliquidated as to amount, or (b) if an objection to the allowance of the Claim is

interposed within the applicable period of limitation fixed by Rule or order of the Court, in the

amount determined by the Court by an order allowing such Claim.

  **1.3.** Allowed Priority Claim means any Allowed Claim entitled to priority of payment

under Section 507 of the Code.

  **1.4.** Allowed Secured Claims means the Allowed Claims of the Class 1, 2, 3, 4, 5, 6,

7, 8, and 9 Claim Holders.

  **1.5.** Allowed Tax Claim means any Allowed Claim entitled to priority of payment

under Section 507(a)(8) of the Code.

  **1.6.** Allowed Unsecured Claim means an Allowed Claim(s) against the Debtors which

is not an Allowed Secured Claim, Allowed Priority Claim, Allowed Tax Claim or Allowed

Administrative Claim. Unsecured claims of the type specified in Federal Rule of Bankruptcy

Procedure 3002(c)(3) which arise or become allowable as a result of a judgment if the judgment

is for the recovery of money or property or avoids an interest in property must be filed within 30

days after the judgment becomes final or the Bar Date set by the Court, whichever is later, to be

an Allowed Unsecured Claim.

  **1.7.** Bankruptcy Code means Title 11 of the United States Code (11 U.S.C. § 101 et

seq.).

**1.8.**   <u>Bankruptcy Court or Court</u> means (a) the United States Bankruptcy Court in which the Reorganization Case, pursuant to which this Plan is proposed, is pending; (b) any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom; or (c) any successor thereof that may be established by any Act of Congress relating to bankruptcy or the United States District Court, to the extent that the United States District Court may lawfully exercise subject matter jurisdiction over the Reorganization Case.

**1.9.**   <u>Case</u> means this bankruptcy case, #10-36585-KRH.

**1.10.**   <u>Claim</u> means any right to payment, or right to an equitable remedy for breach of performance, if such breach gives right to payment against the Debtors, and which right exists on the Effective Date whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

**1.11.**   <u>Claim Holder</u> means any person holding a Claim against the Debtors.

**1.12.**   <u>Class</u> means any class into which allowed Claims or Allowed Interests are classified pursuant to Article II hereof.

**1.13.**   <u>Class 1 Claim(s), Class 2 Claim(s), Class 3 Claim(s), Class 4 Claim(s), Class 5 Claim(s), Class 6 Claim(s), Class 7 Claim(s), Class 8 Claim(s), Class 9 Claim(s), Class 10 Claim(s), and Class 11 Claim(s)</u>, means the Allowed Claims and Allowed Interests so classified and treated in Sections 2.1 through 2.11 and 5.01 through 5.11, respectively.

**1.14.**   <u>Code</u> means Title 11 of the United States Code (11 U.S.C. § 101 <u>et</u> <u>seq.</u>).

**1.15.**   <u>Confirmation Date</u> means the date upon which the Court enters the Order of Confirmation.

**1.16.** <u>Debtors</u> means Victor R. Logan and Wendy R. Logan

**1.17.** <u>Disposable Income</u> means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended (A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and (ii) for charitable contributions (that meet the definition of 'charitable contribution' under 11 U.S.C. §548(d)(3) to a qualified religious or charitable entity or organization (as defined in 11 U.S.C. §548(d)(4) in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made; and (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

**1.18.** <u>Effective Date</u> means the later of: (a) eleven (11) days following the date the Order of Confirmation becomes a Final Order, or (b) the date any Court order staying or otherwise precluding execution of this Plan or any part hereof has been nullified or vacated.  If such day falls on a Saturday or Sunday or legal holiday, the Effective Date shall mean the first business day thereafter.

**1.19.** <u>Estate</u> means the bankruptcy estate created under §541 of the Code and supplemented by §1115(a) of the Code, consisting of the Debtors' property and rights to property, including postpetition earnings from services performed by the Debtors.

**1.20.** <u>Executory Contracts</u> means all contracts to which the Debtors is a party and which are executory within the meaning of Section 365 of the Code, including unexpired leases.

**1.21.** Final Order means an order or judgment for which (a) the time to seek appeal or review has expired, including any extension available under Rule 8002(c), and no appeal has been timely filed; or (b) any appeals have been resolved, finally determined, or dismissed.

**1.22.** Impairment of Claims (or Interests) shall be given the meaning described in 11 U.S.C. §1124.  A claim or interest for which cash payment has not been made after the legal, equitable, or contractual rights have been altered, or for which the effect of a default has not been cured and the original terms of the claim have not been reinstated, shall be deemed to be an impaired claim or interest.

**1.23.** Order of Confirmation means the order entered by the Court confirming this plan in accordance with the provisions of Chapter 11.

**1.24.** Petition means the Bankruptcy petition and related schedules and statements filed by the Debtors.

**1.25.** Petition Date means September 22, 2010, the date on which the Debtors' Chapter 11 petition was filed.

**1.26.** Plan means the First Amended Plan of Reorganization.

**1.27.** Priority Tax Claim means a Claim entitled to priority pursuant to §507(a)(8) of the Bankruptcy Code.

**1.28.** Professional(s) means all attorneys, accountants, appraisers, consultants, realtors and other professionals retained under an order of the Court on behalf of the Debtors or any committee appointed pursuant to 11 U.S.C. Section 1102.

**1.29.** Rule(s) means the Bankruptcy Rules, as amended and supplemented by any local Bankruptcy Rules adopted by the Court.

## ARTICLE II

## Classification of Claims and Interests

Claims and Interests are classified as follows:

**2.1.**     Class 1 Claim.        The Allowed Secured Claim of Wells Fargo Bank.  The Class 1 Claim is impaired.

**2.2.**     Class 2 Claim. The Allowed Secured Claim of Wells Fargo Bank.  The Class 2 Claim is impaired.

**2.3.**     Class 3 Claim. The Allowed Secured Claim of BAC Home Loans Servicing, LP fka Countrwide Home Loans Servicing, LP.  The Class 3 Claim is impaired.

**2.4.**     Class 4 Claim.  The Allowed Secured Claim of HSBC Bank USA, National Association, c/o Midland Mortgage Co.  The Class 4 Claim is impaired.

**2.5.**     Class 5 Claim. The Allowed Secured Claim of Potomac Mortgage Capital, Inc. The Class 5 Claim is impaired.

**2.6.**     Class 6 Claim.  The Allowed Secured Claim of Virginia Community Bank.  The Class 6 Claim is unimpaired.

**2.7.**     Class 7 Claim.  The Allowed Secured Claim of Virginia Community Bank.  The Class 7 Claim is unimpaired.

**2.8.**     Class 8 Claim.  The Allowed Secured Claim of Hotel Street Capital, LLC.  The Class 8 Claim is impaired.

**2.9.**     Class 9 Claim.  The Allowed Secured Claim of Northwest Federal CU.  The Class 9 Claim is unimpaired.

**2.10.**    Class 10 Claim.  The Other Priority Claims.  The Class 10 Claims are

unimpaired.

**2.11.**    Class 11 Claims. The Allowed Nonpriority Unsecured Claims. The Class 11

Claims are impaired.

**ARTICLE III**

**Treatment Of Administrative Expenses**

**3.01**  These claims are not separately classified and are not entitled to vote on the Plan.

Applicable law, however, requires that they be paid as set forth below.

Unless otherwise agreed, the holders of Allowed Administrative Claims will receive on

account of such Allowed Administrative Claims cash equal to the Allowed Amount of such

claim on the Effective Date. Notwithstanding the foregoing, obligations incurred in the ordinary

course of the Debtors' financial affairs during the administration of the Chapter 11 case will be

paid in accordance with the terms and conditions relating thereto. Professional fees and expenses

incurred after the Effective Date shall be paid by the Debtors in the ordinary course of business.

The Debtors shall be liable for Administrative Claims to the extent they remain unpaid (or not

yet Allowed) on the effective Date.

**ARTICLE IV**

**Treatment Of Tax Claims**

**4.01**  The Debtors will pay all Allowed Priority Tax Claims, if any, against the Debtors in

full, in equal monthly payments sufficient to liquidate the Allowed Claim, plus interest thereon at

6%, over a period ending not later than five (5) years after the date of the Order for Relief, in a

manner not less favorable than the most favored nonpriority unsecured claim provided for by the

plan, with the first such payment due and payable within thirty (30) days of the Effective Date.

If the Tax Claim is secured by a lien, the holder of such Claim shall retain its lien and the holder

of that claim will receive on account of that claim, cash payments, in the same manner and over

the same period as previously prescribed in this Article.

## ARTICLE V

### Treatment of Claims and Interests

**5.01    Class 1 Claim.**  The Class 1 Claimant is Wells Fargo Bank (Wells Fargo). Wells

Fargo is the holder of a promissory note secured by real estate titled in the name of the Debtors

and known and designated as 200 Princess Anne Street, Fredericksburg, Virginia 22401 and

identified as Tax Map #58 202 (consisting of .115748 acres with improvements).  200 Princess

Anne Street has been assigned a value by appraisal conducted by Appraisal Group of

Fredericksburg and Northern Virginia dated March 4, 2011 of $450,000.00 in "As Is" condition.

A copy of this appraisal is attached hereto as "Exhibit A" and incorporated herein by this

reference.  This property has also been assigned the same value by an independent appraisal

conducted on behalf of Wells Fargo Mortgage by Patrick M. Smith Sr., MSA, GPPA, of

Novastar Appraisals, Inc. dated December 5, 2011.  A copy of this appraisal is attached hereto as

"Exhibit A-1" and incorporated by this reference.  The deed of trust note in the original principal

amount of $750,000.00 is secured by a first deed of trust lien against the real property, which

original deed of trust was recorded as Instrument number 060004244 in the Office of the Clerk

of the Circuit Court of the City of Fredericksburg, Virginia.  Wells Fargo has filed a proof of

claim (Claim #8) in the amount of $786,113.38, plus attorneys' fees, costs, and per diem interest

arising thereafter.

Debtors' understand and believe that the value of 200 Princess Anne is less than the amount of the first deed of trust claim held by Wells Fargo, and, accordingly, pursuant to 11 U.S.C. §506(a) Wells Fargo holds a claim which is partially secured against 200 Princess Anne and which is partially unsecured.  Accordingly, the Class 1 Claim will be treated as a bifurcated claim, with the lien of Wells Fargo on 200 Princess Anne being stripped down to the value of that property, and the remainder of Wells Fargo's claim being treated as an unsecured claim to be paid with Class 11 Claims.

The Debtors will continue to make monthly payments to Wells Fargo, but not in accord with the terms of the original promissory note(s), but pursuant to modified terms, under which the loan maturity date will remain the same, but the loan will be amortized using the value of the property as the principal loan amount with the monthly payment amount reduced to $2,870.93. This is the calculated monthly loan payment amount using $450,000.00 (the appraised property value) as the principal secured loan balance amortized over the remainder of the loan term at the interest rate provided on the filed claim of 6.500% for the remainder of the loan term, 307 months.  A copy of the Loan Amortization Calculator is attached as "Exhibit B" and incorporated herein by this reference.  The other terms of the note will remain effective as originally written in the said note.  All defaults, if any, relating to the Class 1 Claim, which defaults will be determined by the Bankruptcy Court and set forth in the Confirmation Order, will be cured within 30 days of the Effective Date, pursuant to Section 1124(2)(A) of the Bankruptcy Code (11 U.S.C. §1124(2)(A)).

Any rents derived from this property will be applied to payment against this Claim unless Wells Fargo consents to some other use of the rents, or the court, after notice and a hearing,

authorizes such other use.

Class 1 is an impaired class and is entitled to vote on confirmation of the Plan.

**5.02    Class 2 Claim.**  The Class 2 Claimant is Wells Fargo.  Wells Fargo is the holder

of a promissory note secured by a second deed of trust lien against the real estate titled in the

name of Victor R. Logan and Wendy R. Logan known and described as 200 Princess Anne

Street, Fredericksburg, Virginia.   The deed of trust note in the original principal amount of

$150,000.00 is secured by a second deed of trust lien against the real property, which original

deed of trust was recorded as Instrument Number 060004245 in the Office of the Clerk of the

Circuit Court of the City of Fredericksburg, Virginia.   Wells Fargo has filed a proof of claim

(Claim #7) in the amount of $139,421.33, plus attorneys' fees, costs, and per diem interest

arising thereafter.  Debtors' understand and believe that the value of the property is less than the

amount of the first deed of trust claim held by Wells Fargo, (Claim #8 treated above as Class 1

herein), and, accordingly, pursuant to 11 U.S.C. §506(a) Wells Fargo holds only an unsecured

interest, no portion of its second deed of trust claim being supported by the value of the property.

Accordingly, the Class 2 Claim will be treated as an unsecured claim and will be paid with Class

11 Claims as an unsecured claim.

As a cram-down or lien-strip claim, Class 2 is an impaired class and is entitled to vote

upon the confirmation of the Plan pursuant to Section 1126 of the Bankruptcy Code (11 U.S.C.

§1126).

**5.03    Class 3 Claim.**  The Class 3 Claimant is BAC Home Loans Servicing, LP fka

Countrywide Home Loans Servicing, LP (BAC). BAC is the holder of a promissory note secured

by real estate titled in the name of the Debtors and known and designated as 411 Princess

Elizabeth Street, Fredericksburg, Virginia 22401 (consisting of, and also sometimes designated

as, 409 and 411 Princess Elizabeth Street, Fredericksburg, Virginia 22401 but herein referred to

as "411 Princess Elizabeth Street") and identified as Tax Map #88 411.  411 Princess Elizabeth

Street had been assigned a value by appraisal conducted by Appraisal Group of Fredericksburg

and Northern Virginia dated March 7, 2011 of $130,000.00 in "As Is" condition.  A copy of the

appraisal is attached hereto as "Exhibit C" and incorporated herein by this reference. This

property has also been assigned a value by BPO (Drive-by) conducted by Valerie Parsons of

Preferred Real Estate dated 09/08/2011 of $157,000.00 in "As Is" condition.  A copy of this

valuation is attached hereto as "Exhibit C-1" and incorporated by this reference.   For purposes

of this Plan, the Debtor has adopted the latter value as the value of the property.

     The deed of trust note in the original principal amount of $301,750.00 is secured by a

first deed of trust lien against the real property, which original deed of trust was recorded as

Instrument Number 060003489 in the Office of the Clerk of the Circuit Court of the City of

Fredericksburg, Virginia.  BAC has filed a proof of claim (Claim #11) in the amount of

$333,689.71, plus attorneys' fees, costs, and per diem interest arising thereafter.

     Debtors' understand and believe that the value of 411 Princess Elizabeth Street used for

this Plan ($157,000.00) remains less than the amount of the deed of trust claim held by BAC,

and, accordingly, pursuant to 11 U.S.C. §506(a) BAC holds a claim which is partially secured

against 411 Princess Elizabeth Street and which is partially unsecured.  Accordingly, the Class 3

Claim will be treated as a bifurcated claim, with the lien of BAC on 411 Princess Elizabeth

Street being stripped down to $157,000.00, the BPO value assigned to that property on behalf of

BAC, and the remainder of BAC's claim being treated as an unsecured claim to be paid with

Class 11 Claims.

The Debtors will continue to make monthly payments to BAC, but not in accord with the terms of the original promissory note(s), but pursuant to modified terms, under which the loan maturity date will remain the same, but the loan will be amortized using the value of the property as the principal loan amount with the monthly payment amount reduced to $1,205.43. This is the calculated monthly loan payment amount using $157,000.00 (the BPO property value) as the principal secured loan balance amortized over the remainder of the loan term at the interest rate provided on the filed claim of 7.999% for the remainder of the loan term, 305 months. A copy of the Loan Amortization Calculator is attached as "Exhibit D" and incorporated herein by this reference. The other terms of the note would remain effective as originally written in the said note. All defaults, if any, relating to the Class 3 Claim, which defaults will be determined by the Bankruptcy Court and set forth in the Confirmation Order, will be cured within 30 days of the Effective Date, pursuant to Section 1124(2)(A) of the Bankruptcy Code (11 U.S.C. §1124(2)(A)).

Any rents derived from this property will be applied to payment against this Claim unless BAC consents to some other use of the rents, or the court, after notice and a hearing, authorizes such other use.

Class 3 is an impaired class and is entitled to vote on confirmation of the Plan.

**5.04    Class 4 Claim.** The Class 4 Claimant is HSBC Bank USA, National Association, c/o Midland Mortgage Co. ("HSBC"). HSBC is the holder of a promissory note secured by real estate titled in the names of the Debtors and known and designated as 6156 Logan's Lane, Rappahannock Academy, Virginia 22538. This property is also sometimes designated as 21925

Tidewater Trail, but since this was the address assigned to a larger tract of property which was

subsequently subdivided and renamed, and because portions of that former property designated

as 21925 Tidewater Trail were also released from the lien of the deed of trust now held by

HSBC, the real estate securing HSBC is herein referred to as "6156 Logan's Lane", which is the

current address of the property, and identified as Tax Map #11 A 20A.

 6156 Logan Lane has been assigned a value by appraisal conducted by Appraisal Group

of Fredericksburg and Northern Virginia dated February 14, 2011 of $575,000.00 in "As Is"

condition.  A copy of the appraisal is attached hereto as "Exhibit E" and incorporated herein by

this reference.   This property has also been assigned a value by an independent appraisal

conducted on behalf of the lender by Richard C. Millman of Central Virginia Appraisal Group

dated 7/24/2011 of $795,000.  A copy of this appraisal is attached hereto as "Exhibit E-2" and

incorporated by this reference.  For purposes of this Plan, the Debtor has adopted the latter value

as the value of the property.

 The deed of trust note in the original principal amount of $975,000.00 is secured by a

first deed of trust lien against the real property, which original deed of trust was recorded in

Deed Book 891, Page 116 in the Office of the Clerk of the Circuit Court of the County of

Caroline, Virginia.  By Certificate of Partial Satisfaction, made by MERS, recorded in Deed

Book 953, Page 737 among the land records of Caroline County, Virginia, "Parcel A1" and

"Parcel A2" of Family Subdivision, being part of Parcel "A" of the Joseph T. Farish Estates, Port

Royal District, Caroline County, Virginia prepared by Webb and Associates and recorded

August 7, 2007 in Plat Cabinet C, Page 229D of the said land records were released from the

Deed of Trust securing the note now held by HSBC recorded in Deed Book 891, Page 116.

Parcel A1 is now known and identified as 6202 Logans Lane with a Tax Map Number of 11 A

20A1 and Parcel A2 is now known and identified as 6228 Logans Lane with a Tax Map Number

of 11 A 20A2.

HSBC has filed a proof of claim (Claim #10, as amended) in the amount of

$1,039,570.60, plus attorneys' fees, costs, and per diem interest arising thereafter.  This proof of

claim as originally filed, and as amended, identifies the real property securing HSBC's claim as

"21925 Tidewater Trail, a/k/a 6156, 6202 and 6228 Logans Ln., Rappahannock Academy, VA

22538".  As described herein, 6202 and 6228 Logans Lane are understood and believed to no

longer constitute security for the HSBC claim having been released.  To the extent that they may

deem necessary or appropriate, the Debtors may file an objection to HSBC's Proof of Claim, as

amended, with regard to the identification of the secured property.

The characterization of the HSBC claim provided in filed Proof of Claim #10 as amended

make it clear that this claim is not, or was not, a claim secured only by a security interest in real

property that is the debtor's principal residence, since 6156, 6202, and 6228 Logans Lane each

identify three separate properties, each improved by separate residential structures, on which

6202 and 6228 have been, and remain, active rentals.  Under 11 U.S.C. §1123(b)(5) a Chapter 11

plan may "modify the rights of holders of secured claims, other than a claim secured only by a

security interest in real property that is the debtor's principal residence".  This language has been

held not to apply to any transaction in which the creditor acquired a lien on property other than

real property used as the debtor's residence.  See *In re Hammond,* 27 F.3d 52 (3d Cir. 1994) (HR

Rep 103-834, 103rd Cong., 2nd Sess 22 (Oct. 4, 1994); 140 Cong Rec. H10767 (Oct. 4, 1994).

Debtors' understand and believe that the value of 6156 Logan's Lane is less than the

amount of the deed of trust claim held by HSBC, and, accordingly, pursuant to 11 U.S.C.

§506(a) HSBC holds a claim which is partially secured against 6156 Logan's Lane and which is

partially unsecured.  Accordingly, the Class 4 Claim will be treated as a bifurcated claim, with

the lien of HSBC on 6156 Logan's Lane being stripped down to the value of that property as

determined by the appraisal conducted on behalf of HSBC and the remainder of HSBC's claim

being treated as an unsecured claim to be paid with Class 11 Claims.

The Debtors will continue to make monthly payments to HSBC, but not in accord with

the terms of the original promissory note, but pursuant to modified terms, under which the loan

maturity date will remain the same, but the loan will be amortized using the value of the property

as the principal loan amount with the monthly payment amount fixed at $5,495.14.  This

payment is more than the Debtors current monthly payment amount of $4,224.07, but the current

payment does not fully amortize the loan.  $5,495.14 is the calculated monthly loan payment

amount using $795,000.00 (the appraised property value obtained by the lender) as the principal

secured loan balance amortized over the remainder of the loan term at the interest rate provided

on the filed claim of 6.875% for the remainder of the loan term, 309 months.  A copy of the Loan

Amortization Calculator is attached as "Exhibit F" and incorporated herein by this reference.

The other terms of the note would remain effective as originally written in the said note.  All

defaults, if any, relating to the Class 4 Claim, which defaults will be determined by the

Bankruptcy Court and set forth in the Confirmation Order, will be cured within 30 days of the

Effective Date, pursuant to Section 1124(2)(A) of the Bankruptcy Code (11 U.S.C.

§1124(2)(A)).

Any rents derived from this property will be applied to payment against this Claim unless

HSBC consents to some other use of the rents, or the court, after notice and a hearing, authorizes

such other use..

Class 4 is an impaired class and is entitled to vote on confirmation of the Plan.

**5.05    Class 5 Claim.**  The Class 5 Claimant is Potomac Mortgage Capital, Inc.

("Potomac").  Potomac is the holder of a promissory note in the original principal amount of

$150,000.00 originally secured by a second deed of trust lien against the real estate titled in the

name of Victor R. Logan and Wendy R. Logan known and described as 6156 Logans Lane,

Rappahannock Academy, Virginia 22538, which original deed of trust was recorded in Deed

Book 930, Page 133 in the Office of the Clerk of the Circuit Court of Caroline County, Virginia.

Potomac has filed a proof of claim (Claim #13) in the amount of $195,350.92, plus attorneys'

fees, costs, and per diem interest arising thereafter.  Debtors' understand and believe that the

value of the property is less than the amount of the first deed of trust claim held by HSBC,

(Claim #10, as amended, treated above as Class 4), and, accordingly, pursuant to 11 U.S.C.

§506(a) Potomac holds only an unsecured interest, no portion of its second deed of trust claim

being secured by the value of the property.  Accordingly, the Class 5 Claim will be treated as an

unsecured claim and will be paid with Class 11 Claims as an unsecured claim.

As a cram-down or lien-strip claim, Class 5 is an impaired class and is entitled to vote

upon the confirmation of the Plan pursuant to Section 1126 of the Bankruptcy Code (11 U.S.C.

§1126).

**5.06    Class 6 Claim.**  The Class 6 Claimant is Virginia Community Bank ("VCB").

VCB is the holder of a promissory note secured by real estate titled in the names of the Debtors

and known as 6202 Logans Lane, Rappahannock Academy, Virginia 22538 and identified as Tax

Map #11 A 20A1.  6202 Logans Lane has been assigned a value by appraisal conducted by

Appraisal Group of Fredericksburg and Northern Virginia dated 4/12/2011 of $180,000.00.  A

copy of the appraisal is attached hereto as "Exhibit G" and incorporated herein by this reference.

The deed of trust note made by Wendy R. Logan in the original principal amount of $157,000.00

is secured by a first deed of trust lien against the real property, which original deed of trust was

recorded in Deed Book 1007, Page 582 in the Office of the Clerk of the Circuit Court of the

County of Caroline, Virginia.   VCB has filed a proof of claim (Claim #1) in the amount of

$154,627.41, plus attorneys' fees, costs, and per diem interest arising thereafter.

On February 17, 2011, VCB filed an amended motion for relief from stay related to 6202

and 6228 Logans Lane.  On April 7, 2011, a Consent Order was entered by the Court setting

forth the agreement reached between the parties.  The Debtors will continue to make payments to

VCB pursuant to the terms of the April 7, 2011 Consent Order and pursuant to the terms of the

promissory note.  All defaults, if any, relating to the Class 6 Claim, which defaults will be

determined by the Bankruptcy Court and set forth in the Confirmation Order, will be cured

within 30 days of the Effective Date, pursuant to Section 1124(2)(A) of the Bankruptcy Code (11

U.S.C. §1124(2)(A)).

The legal, equitable, and contractual rights to which holders of the Class 6 Claim are

entitled in respect of their claim will be left unaltered pursuant to Section 1124(1) of the

Bankruptcy Code (11 U.S.C. § 1124(1)).  Maturity of the Class 6 Claim is reinstated as such

maturity existed prior to any defaults, pursuant to Section 1124(2)(B) of the Bankruptcy Code

(11 U.S.C. § 1124(2)(B)).  If the Bankruptcy Court determines that the holders of the Class 6

Claim have been damaged as a result of reasonable reliance upon any contractual provision or

applicable law that entitles the holders of the Class 6 Claim to demand or receive accelerated

payment of their claim after the occurrence of such default, then the Debtor will, pursuant to

Section 1124(2)(C) of the Bankruptcy Code (11 U.S.C. § 1124(2)(C)), pay such compensation to

the holders of the Class 6 Claim as the Bankruptcy Court may determine.

Class 6 is an unimpaired class and is deemed to have Accepted the Plan pursuant to

Section 1126 of the Bankruptcy Code (11 U.S.C. §1126).

**5.07    Class 7 Claim.**  The Class 7 Claimant is Virginia Community Bank ("VCB").

VCB is the holder of a promissory note secured by real estate titled in the names of the Debtors

and known as 6228 Logans Lane, Rappahannock Academy, Virginia 22538 and identified as Tax

Map #11 A 20A2.  6202 Logans Lane has been assigned a value by appraisal conducted by

Appraisal Group of Fredericksburg and Northern Virginia dated 4/12/2011 of $185,000.00.  A

copy of the appraisal is attached hereto as "Exhibit H" and incorporated herein by this reference.

The deed of trust note made by Wendy R. Logan in the original principal amount of $165,000.00

is secured by a first deed of trust lien against the real property, which original deed of trust was

recorded in Deed Book 1001, Page 801 in the Office of the Clerk of the Circuit Court of the

County of Caroline, Virginia.   VCB has filed a proof of claim (Claim #2) in the amount of

$162,217.40, plus attorneys' fees, costs, and per diem interest arising thereafter.

On February 17, 2011, VCB filed an amended motion for relief from stay related to 6202

and 6228 Logans Lane.  On April 7, 2011, a Consent Order was entered by the Court setting

forth the agreement reached between the parties.  The Debtors will continue to make payments to

VCB pursuant to the terms of the April 7, 2011 Consent Order and pursuant to the terms of the

promissory note.  All defaults, if any, relating to the Class 7 Claim, which defaults will be

determined by the Bankruptcy Court and set forth in the Confirmation Order, will be cured

within 30 days of the Effective Date, pursuant to Section 1124(2)(A) of the Bankruptcy Code (11

U.S.C. §1124(2)(A)).

The legal, equitable, and contractual rights to which holders of the Class 7 Claim are

entitled in respect of their claim will be left unaltered pursuant to Section 1124(1) of the

Bankruptcy Code (11 U.S.C. § 1124(1)).  Maturity of the Class 7 Claim is reinstated as such

maturity existed prior to any defaults, pursuant to Section 1124(2)(B) of the Bankruptcy Code

(11 U.S.C. § 1124(2)(B)).  If the Bankruptcy Court determines that the holders of the Class 7

Claim have been damaged as a result of reasonable reliance upon any contractual provision or

applicable law that entitles the holders of the Class 7 Claim to demand or receive accelerated

payment of their claim after the occurrence of such default, then the Debtor will, pursuant to

Section 1124(2)(C) of the Bankruptcy Code (11 U.S.C. § 1124(2)(C)), pay such compensation to

the holders of the Class 7 Claim as the Bankruptcy Court may determine.

Class 7 is an unimpaired class and is deemed to have Accepted the Plan pursuant to

Section 1126 of the Bankruptcy Code (11 U.S.C. §1126).

**5.08    Class 8 Claim.**  The Class 8 Claimant is Hotel Street Capital, LLC (HSC). HSC is

the holder of a promissory note secured by two parcels of real estate titled in the names of the

Debtors and known and designated as 6202 Logans Lane, Rappahannock Academy, Virginia

22538 and 6228 Logans Lane, Rappahannock Academy, Virginia  22538 and identified as Tax

Map #11 A 20A1 and Tax Map #11 A 20A2.  The combined values of 6202 Logans Lane and

6228 Logans Lane, by the appraisals previously described and attached hereto as Exhibits G and

H is $365,000.00.  The deed of trust note to HSC in the original principal amount of $275,000.00

is secured by a second deed of trust lien against these two parcels of real property, which original

deed of trust was recorded in Deed Book 954, Page 826 in the Office of the Clerk of the Circuit

Court of the County of Caroline, Virginia.  This Deed of Trust was originally in first trust

position against both 6202 and 6228 Logans Lane, but by Subordination Agreement dated July 9,

2009, recorded in Deed Book 1001, Page 814, was subordinated to the lien of VCB on 6228

Logans Lane (the VCB Deed of Trust is more fully described herein in Class 7), and by

Modification and Subordination Agreement dated September 4, 2009 and recorded in Deed Book

1007, Page 595 was modified and subordinated to the liens of VCB on both 6202 and 6228

Logans Lane (the VCB Deeds of Trust more fully described herein in Classes 6 and 7).  HSC has

filed a proof of claim (Claim #13) in the amount of $135,991.29, plus attorneys' fees, costs, and

per diem interest arising thereafter.

Debtors' understand and believe that the combined values of 6202 Logans Lane and 6228

Logans Lane, $180,000.00 and $185,000.00 respectively for a combined total of $365,000.00,

are less than the amount of the first deed of trust claims held by VCB, $154,627.41 and

$162,217.40, respectively, for a combined total of $316,844.81, and the claim of HSC of

$135,991.29.  The combined values of all three claims is $452,836.10.  Accordingly, pursuant to

11 U.S.C. §506(a) HSC holds a claim which is partially secured against 6202 Logans Lane and

6228 Logans Lane and which is partially unsecured.  Accordingly, the Class 8 Claim will be

treated as a bifurcated claim, with the lien of HSC being stripped down to the combined values

of the properties securing its claim less the combined values of the first trust liens of VCB on the

properties, for a combined secured claim of $48,155.19 and the remainder of HSC's claim

($87,836.10) being treated as an unsecured claim to be paid with Class 11 Claims.

The Debtors will continue to make monthly payments to HSC, but not in accord with the terms of the original promissory note, as modified, but pursuant to further modified terms, under which the loan will be amortized using the remaining equity value of the two properties combined as the principal loan amount, with the term of the loan fixed at sixty (60) months, and with the monthly payment amount calculated at $1,071.19 per month.  This is the calculated monthly loan payment amount using $365,000.00  (the combined appraised property values) less the VCB combined first (by subordination) deed of trust secured claims of $316,844.81 as the principal HSC secured loan balance of $48,155.19, amortized over sixty months at the interest rate provided on the filed claim of 12.00%.  A copy of the Loan Amortization Calculator is attached as "Exhibit I" and incorporated herein by this reference.  The other terms of the note would remain effective as originally written in the said note as previously modified.  All defaults, if any, relating to the Class 8 Claim, which defaults will be determined by the Bankruptcy Court and set forth in the Confirmation Order, will be cured within 30 days of the Effective Date, pursuant to Section 1124(2)(A) of the Bankruptcy Code (11 U.S.C. §1124(2)(A)).

Any rents derived from 6202 Logans Lane and 6228 Logans Lane will be first applied to payment on the VCB claims and then against the Claim of HSC, unless HSC consents to some other use of the rents, or the court, after notice and a hearing, authorizes such other use..

Class 8 is an impaired class and is entitled to vote on confirmation of the Plan.

**5.09    Class 9 Claims.**  The Class 9 Claimant is Northwest Federal CU. NFCU is the holder of a promissory note secured by a vehicle owned by the Debtor, Victor Logan, specifically a 1955 Chevrolet Bel Air.  Debtor understands and believes that the value of this

vehicle is approximately $12,500.00.  NFCU has filed a proof of claim in the amount of

$4,034.94.   The Debtor will continue to make payments to NFCU pursuant to the terms of the

promissory note.  All defaults, if any, relating to the NFCU Claim, which defaults will be

determined by the Bankruptcy Court and set forth in the Confirmation Order, will be cured

within 30 days of the Effective Date, pursuant to Section 1124(2)(A) of the Bankruptcy Code (11

U.S.C. §1124(2)(A)).

The legal, equitable, and contractual rights to which holders of the Class 9 Claim are

entitled in respect of their claim will be left unaltered pursuant to Section 1124(1) of the

Bankruptcy Code (11 U.S.C. § 1124(1)).  Maturity of the Class 9 Claim is reinstated as such

maturity existed prior to such defaults, pursuant to Section 1124(2)(B) of the Bankruptcy Code

(11 U.S.C. § 1124(2)(B)).  If the Bankruptcy Court determines that the holders of the Class 9

Claim have been damaged as a result of reasonable reliance upon any contractual provision or

applicable law that entitles the holders of the Class 9 Claim to demand or receive accelerated

payment of their claim after the occurrence of such default, then the Debtor will, pursuant to

Section 1124(2)(C) of the Bankruptcy Code (11 U.S.C. § 1124(2)(C)), pay such compensation to

the holders of the Class 9 Claim as the Bankruptcy Court may determine.

Class 9 is an unimpaired class and is deemed to have Accepted the Plan pursuant to

Section 1126 of the Bankruptcy Code (11 U.S.C. §1126).

**5.10    Class 10 Claims.**  The Class 10 Claims consist of the Other Priority Claims.  The

Debtors are not aware of any members of Class 10 - Other Priority Claims at this time.  The

legal, equitable, and contractual rights to which holders of the Class 10 Claims are entitled in

respect of their claim will be left unaltered pursuant to Section 1124(1) of the Bankruptcy Code

(11 U.S.C. § 1124(1)). All defaults, if any, relating to the Class 10 Claims, which defaults will be

determined by the Bankruptcy Court and set forth in the Confirmation Order, will be cured

within 30 days of the Effective Date, pursuant to Section 1124(2)(A) of the Bankruptcy Code (11

U.S.C. §1124(2)(A)).  Maturity of the Class 10 Claim is reinstated as such maturity existed prior

to such defaults, pursuant to Section 1124(2)(B) of the Bankruptcy Code (11 U.S.C. §

1124(2)(B)).  If the Bankruptcy Court determines that the holders of the Class 10 Claims have

been damaged as a result of reasonable reliance upon any contractual provision or applicable law

that entitles the holders of the Class 10 Claims to demand or receive accelerated payment of their

claims after the occurrence of such default, then the Debtors will, pursuant to Section 1124(2)(C)

of the Bankruptcy Code (11 U.S.C. § 1124(2)(C)), pay such compensation to the holders of the

Class 10 Claims as the Bankruptcy Court may determine.

Class 10 is an unimpaired class and is deemed to have Accepted the Plan pursuant to

Section 1126 of the Bankruptcy Code (11 U.S.C. §1126).

**5.11    Class 11 Claims.**  The Class 11 Claims consist of the Allowed Unsecured

Nonpriority Claims.

These claimants will be paid ten per cent (10%) of the amount of their allowed claims,

via pro rata payments as funds become available from Debtors' disposable income, the first of

which disposable income payments will be due one (1) month after the Effective Date, and

another due every month thereafter, until the 10% is paid for each Allowed Unsecured Claim.

Debtors anticipate that these payments will total approximately $2,010.08 each month for the

sixty months of the plan, for a total of $120,604.80 to be paid to Class 11 claims.  This yields a

10% distribution to the claims in Class 11 based upon a calculation of the unsecured portion of

secured claims, estimated at $1,179,982.04, and $35,244.79 general unsecured claims as shown by the proofs of claims filed herein and upon Debtors' schedules for those undisputed claims without a proof of claim filed herein, for a total of $1,215,296.83 in unsecured claims.

Class 11 is an impaired class and is entitled to vote on the confirmation of the Plan.

## ARTICLE VI

## Execution and Implementation of Plan

**6.01  A.**   **General.**  The Debtors will implement the Plan by collecting and distributing funds from the Debtor's postpetition earnings including the rents and profits from the operation of the rental properties.  The rents and profits from the operation of these real properties, as adjusted pursuant to the provisions of the Plan, combined with the postpetition earnings are sufficient to meet the operating costs and expenses for each of the properties, including adequate protection of the mortgage payments.

As of the Confirmation Date, subject to the terms of the Plan, all property and property rights of the Estate will be vested in, and will be operated by, the Debtors, who will be free to accept offers to purchase or lease any or all of the assets subject to their control in the case, for fair prices upon commercially reasonable terms, and subject to final Court approval if required by the provisions of the Bankruptcy Code.

B.   **Professional Persons**.  For appraisal services, the Court has authorized Appraisal Group of Fredericksburg and Northern Virginia to conduct appraisals on behalf of the Debtors. The Appraisal Group will continue to seek and obtain the Court's approval of fees and expenses after the Confirmation Date as a condition of receiving payment from the Debtors.

For legal advice and assistance, the Court has authorized Robert B. Easterling, Attorney, to assist as necessary throughout the case.  Mr. Easterling will continue to seek and obtain the Court's approval of any fees and expenses as a condition of receiving payments from the Debtors.

The Debtors will seek Court approval for any tax and accounting services the Debtors may require to assist in the preparation of returns, payment of taxes, and such other accounting work as the Debtors may require to completely administer this case.  Any appointed accountant or tax service Professional Persons will seek and obtain the Court's approval of their fees and expenses after the Confirmation Date as a condition of receiving payment from the Debtors.

**6.02**  Debtors shall pay to creditors under the plan all or such portion of earnings from personal services performed by the Debtors after the commencement of the case or other future income of the Debtors as is necessary for the execution of the plan.

**6.03**  The confirmation of this Plan shall vest all property of the estate in the Debtors free and clear of all liens, encumbrances, claims and interest, except as expressly provided for above. In the event of any post-confirmation uncured monetary default against any of the obligations to the secured Claimants not otherwise subject to the terms of this Plan, the respective Claimants may, without interference from the Debtors, foreclose upon or repossess their respective assets pursuant to the provisions of such nonbankruptcy law as may apply and if such default is not cured by the Debtors within ten days after notice to the Debtors of such default.

**6.04**  Notwithstanding any other provision of the Plan specifying a date or time for the payment or distribution of consideration hereunder, payments and distributions of the portion of any Claim which, as of the date of distribution, is disputed, unliquidated or contingent shall not

be made to the claimant until such portion of such Claim becomes an Allowed Claim. As funds become available, payment of the disputed portion of any such Claim shall be made by the Debtors into an interest bearing escrow account, pending distribution to claimant of the allowed amount of the disputed portion of the claim. Any interest earned on the escrow funds shall be paid proportionately with the payment of the principal amount held in escrow.

**6.05**  Notwithstanding any other provision of the Plan specifying a date or time for the payment or distribution of consideration hereunder, payments and distributions in respect of any Claim or Interest of any entity from which at such date or time, in the opinion of the Debtors, property is recoverable under §§542, 543, 550, or 553 of the Code or that is a transferee of a transfer avoidable under §§552(f), 552(h), 544, 545, 547, 548, 549, or 724(a) of the Code, shall not be made until such entity or transferee has paid to the Debtors the amount, or turned over to the Debtors any such property, for which such entity or transferee is liable under §§522(i), 542, 543, 550, or 553 of the Code, whereupon such payments and distributions for Allowed Claims shall be made within sixty (60) days together with any interest accrued thereon to the date of payment

**6.06**  In accordance with 11 U.S.C. §347(b), as a condition to participation in the distribution pursuant to the Plan, the following requirements are imposed:

a. The holder of an Allowed Claim who receives a payment under the provisions of this Article VI must cash the check within ninety (90) days of distribution. Ninety (90) days after the distribution the Debtors will, if necessary, in his discretion, stop payment on any check remaining unpaid, and the applicable funds will be returned to the Debtors's account and disposed of pursuant to 11 USC §347(a).

b. Each distribution will be mailed to the address listed in the Debtors' schedules or as specified in the proof of claim filed with the Court by the holder of an Allowed Claim. It is the responsibility of the holder of an Allowed Claim to give written notice to the Bankruptcy Court and the Debtors of any change of address to which distributions should be sent. The Debtors will, if necessary, in his discretion, stop payment on any check which the United States Postal Service returns to the Debtors for lack of a forwarding address or party unknown, and the applicable funds will be returned to the Debtors' account and disposed of pursuant to 11 USC §347(a).

**6.07**    As of the Effective Date, ownership of all of Debtors' assets shall be vested in the Reorganized Debtors.

**6.08**    Pursuant to 11 U.S.C. § 347(b) any unclaimed funds become property of the Debtors.

**ARTICLE VII**

**<u>Amendment or Correction of Plan</u>**

**7.01**    <u>Amendment or Correction Prior to Confirmation.</u> This Plan may be amended or corrected prior to the Confirmation Date without notice or a hearing and without additional disclosure pursuant to §1125 of the Bankruptcy Code, provided that after notice to the United States Trustee, the Bankruptcy Court finds that such amendment or correction does not materially or adversely affect the Debtors, any creditor, or any class of creditor.

**7.02**    <u>Modification Subsequent to Confirmation.</u> After the entry of the Order of Confirmation, the Debtors may, with the approval of the Court, and so long as it does not materially or adversely affect the interests of the Creditors, remedy any defect or omission, or

reconcile any inconsistencies in the Plan, or in the Order of Confirmation, in such manner as may

be necessary to carry out the purposes and intent of the Plan. A holder of a Claim that has

accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be,

the Plan, as modified, unless within the time fixed by the Court, such holder changes its previous

acceptance or rejection.

## ARTICLE VIII

### Acceptance or Rejection Of Plan

**8.01**    **Impaired Classes to Vote**. Each impaired class of Creditors with Claims or

Equity Interests against the Debtors shall be entitled to vote separately to accept or reject the

Plan.

**8.02**    **Acceptance by a Class**. A Class shall have accepted the Plan if votes

representing at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of

Allowed Claims voting in that Class have been cast in favor of the Plan.

**8.03**    **Cramdown**. In the event that any impaired class of Creditors against any of the

Debtors' Estate shall fail to accept the Plan in accordance with §1129(a) of the Bankruptcy Code,

the Debtors may request the Bankruptcy Court to confirm the Plan in accordance with §1129(b)

of the Bankruptcy Code.

## ARTICLE IX

### Conversion to Chapter 7

**9.01**    Should this case be converted to a case under Chapter 7 of the Bankruptcy Code,

all of the Debtors' legal and equitable interests, as of the date of conversion, in property that

would have been property of the estate had the property of the estate not vested in the Debtors by

virtue of confirmation of the plan, shall be property of the estate for purposes of the Chapter 7

case, notwithstanding the vesting of the property of the estate in the Debtors that otherwise arises

upon confirmation of the plan; and, by way of illustration and not limitation, such property shall

include all proceeds held by the Debtors, on the date of conversion, of property that was property

of the estate prior to confirmation of the plan.

## ARTICLE X

## Leases and Executory Contracts

**10.01**  Debtors will assume the leases on each of the rental properties identified in Claims

1, 2, 3, 6, 7, and 8 hereof.  Unless otherwise specifically stated in the Plan, as of the Effective

Date, all other unexpired leases and executory contracts of the Debtors will be rejected, subject

only to any rights of tenants pursuant to §365(h) of the Code.

## ARTICLE XI

## Objections to Claims and Distribution

**11.01**  **Time to File Objections**.  Unless otherwise ordered by the Court, after notice and

a hearing, objections to Claims and Interests shall be made and filed by the Debtors and any

party in interest and shall be served upon each holder of each of the claims and Interests to which

objections are made (and upon the Debtors' attorney if the Debtors are not the objecting party)

and filed with the Bankruptcy Court as soon as practicable, but in no event later than sixty (60)

days after the Effective Date.

**11.02**  **Prosecution of Objections to Claims**. The objecting party shall litigate to

judgment, settle or withdraw the objection to the Claim or Interest. All legal fees and expenses of

the Debtors incurred in the prosecution of Claim objections and in the consummation of the Plan

shall be paid first from funds derived from Debtors' operations. Except as may be otherwise agreed with respect to any Claim subject to a dispute, no payments or distributions shall be made with respect to all or any portion of such a Claim unless and until all objections to such Claim have been determined by Final Order. Payments and distributions to each holder of Claims or Interest subject to dispute, to the extent that it ultimately becomes an Allowed Claim or an Allowed Interest, shall be made in accordance with the provisions of the Plan with respect to the Class or Interests to which the respective holder of an Allowed Claim or Allowed Interest belongs. Such payments and distributions shall be made as soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing such Claim or Interest becomes a Final Order.

## ARTICLE XII

### Quarterly Fees

**12.01**  In accordance with §1129(a)(12) of the Bankruptcy Code and 28 U.S.C. §1930, all quarterly fees will be paid in full on or before the Effective Date. Fees due to the United States Trustee will be due each calendar quarter until the case is closed, converted or dismissed.

**12.02**  The Debtors will submit to the United States Trustee each calendar quarter a statement of all disbursements made by the Debtors.

## ARTICLE XIII

### Risk Factors.

There is a risk that Debtors' best efforts to maintain sufficient rentals of the rented properties to meet operating expenses on those properties and to procure sufficient additional

funds from their employment will fall short of what is required to pay in full the expenses of administration and creditors' allowed claims.

## ARTICLE XIV

### Tax Aspects

Following implementation of the proposed Plan, Debtors' employment income and receipt of rental income on the leases of real estate will result in the payment of ordinary income taxes. Debtors understand and believe that there will not be discharge of indebtedness income because of the provisions of IRC §108. However, Debtors understand and believe that other tax attributes (i.e the basis in real property) may be reduced and the final calculation of tax depends upon the Debtors' tax basis, unused tax attributes, and other tax considerations remaining after consummation of the Plan. Prior to the Confirmation Date, Debtors anticipate seeking further tax advice from an accountant with regard to the provisions of their plan.

## ARTICLE XV

### Discharge

Upon completion of Plan payments, the Debtors will be granted a discharge.

## ARTICLE XVI

### Retention of Jurisdiction

**16.01** The Bankruptcy Court shall retain jurisdiction over this Chapter 11 case pursuant to and for all purposes set forth in §1127(b) of the Bankruptcy Code until the entry of a final decree and shall:

a. Hear and determine objections to Claims raised by any party in interest and to hear complaints relating to the subordination of Claims;

b.  Hear and determine causes of action on behalf of the Debtors arising prior to the entry of a final decree which are raised by any party in interest;

c.  Hear and determine any dispute arising under or in connection with this Plan prior to the entry of a final decree; and

d  Make such Order and give such direction as may be appropriate under §1142 of the Bankruptcy Code.

## ARTICLE XVII

## Miscellaneous Provisions

**17.01  Headings.** The headings in this Plan are for convenience and reference only and shall not limit or otherwise affect the meaning of textual provisions.

**17.02 Section and Article References.** Unless otherwise specified, all references in the Plan to Sections and Articles are to Sections and Articles of the Plan.

**17.03 Reservation of Rights.** Neither the filing of this Plan, nor any statement or provision contained herein, nor the taking by any creditor of any action with respect to this Plan shall: (a) be or be deemed to be an admission against interest and; (b) until the Confirmation Date, be or be deemed to be a waiver of any rights which any creditor might have against Debtors or any other creditor of Debtors's, and until the Confirmation Date all such rights are specifically reserved. In the event that the Confirmation Date does not occur, neither this Plan

nor any statement contained herein, may be used or relied upon in any manner in any suit, action,

proceeding or controversy within or outside of the reorganization case involving Debtors.

Date:  December 19, 2011.

VICTOR R. LOGAN
WENDY R. LOGAN

By: Robert B. Easterling____
      Counsel for Debtors

/s/Robert B. Easterling
Robert B. Easterling, VSB #15552
Counsel for Debtors
2217 Princess Anne Street, Suite 100-2
Fredericksburg, Virginia 22401
(540) 373-5030
(540) 373-5234 Facsimile
eastlaw@easterlinglaw.com

CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2011 a true and complete copy of this First

Amended Plan of Reorganization of Victor R. Logan and Wendy R. Logan was electronically

served via the ECF Filing System to the Office of the U.S. Trustee, 701 E. Broad Street, Suite

4304, Richmond, Virginia 23219-1849.

/s/Robert B. Easterling
Robert B. Easterling